# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0023 |
| ) | |
| CESAR THOMAS-LEVERET, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

**THIS MATTER** comes before the Court on the Court's December 5, 2022 Order directing Carl R. Williams, attorney for Defendant Cesar Thomas-Leveret, to show cause in writing why he should not be held in contempt of court for failure to comply with the Court's November 29, 2022 Order. (ECF No. 202.)

At the November 8, 20222 status conference (ECF Nos. 187, 188), the Court directed Attorney Williams to file a notice advising on the status of the case by November 28, 2022. Having failed to file a notice by November 28, 2022, the Court issued an order on November 29, 2022, directing Williams to file a notice advising the Court on the status of this case no later than November 30, 2022. (ECF No. 198.) Having failed to file a notice by November 30, 2022, the Court issued an order on December 5, 2022, ordering Williams to show cause, no later than December 7, 2022, why he should not be held in contempt for failure to comply with the court's November 29, 2022 order. (ECF No. 202.) As of the date of this Order, Attorney Williams failed to comply with the December 5, 2022 Order to show cause.

As explained by several courts:

> "[I]t is firmly established that '[t]he power to punish for contempt is inherent in all courts.' [*Ex Parte Robinson,* 19 Wall. 505, 510, 22 L.Ed. 205 (1873) ]. This power reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.' " *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987)). This inherent contempt power is not unlimited, however. Indeed,

> "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). Moreover, although the power to hold one in contempt is exercised at a court's discretion, it is not exercised absent standards.

*Imprisoned Citizens Union v. Shapp*, 11 F. Supp. 2d 586, 604 (E.D. Pa. 1998).

> Sanctions for civil contempt serve two purposes: "to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." *McDonald's Corp. v. Victory Investments,* 727 F.2d 82, 87 (3d Cir.1984). Compensatory awards seek to ensure that the innocent party receives the benefit of the injunction:
>> the Court will be guided by the principle that sanctions imposed after a finding of civil contempt to remedy past noncompliance with a decree are not to vindicate the court's authority but to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed.
>
> *Hudson Transit Lines, Inc. v. Freund,* 509 F.Supp. 1172, 1178 (E.D.N.Y.1981).

*Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994).

> In civil contempt the punishment is remedial, to secure an end; while in criminal the punishment is punitive, to vindicate the authority and dignity of the court. It is not the fact of punishment but the purpose and character of it which distinguishes contempts. Punishment in civil contempt is imposed where it is sought to coerce a witness to do something which he has been directed to do and has refused, while in criminal contempt punishment is imposed for doing that which has been forbidden or for the violation of an order of the court. Punishment in criminal contempt cannot undo or remedy the thing which has been done, but in civil contempt punishment remedies the disobedience.

*In re Fox*, 96 F.2d 23, 25 (3d Cir. 1938). "[T]he imposition of financial penalties is the only sanction both mild enough and flexible enough to use in day-to-day enforcement of orderly and expeditious litigation." *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985).

Having failed to show cause why he should not be held in contempt of court, the Court finds Attorney Williams in contempt of court for failure to comply with the Court's November 29, 2022 Order. To remedy Williams's disobedience and coerce Williams to comply with the Court's orders, the Court finds that imposing a fine of one hundred dollars ($100.00) on Attorney Williams payable to the Clerk of Court is warranted. Any future failure by Attorney

*United States v. Thomas-Leveret*
Case No. 3:21-cr-0023
Order
Page **3** of **3**

Williams to comply with the Court's orders will be considered recalcitrant conduct subjecting Attorney Williams to harsher sanctions, including criminal contempt of court. Accordingly, it is hereby

**ORDERED** that the Court finds Attorney Williams in **CONTEMPT** for failure to comply with this Court's November 29, 2022 Order; it is further

**ORDERED** that, **no later than January 19, 2023,** Attorney Williams **SHALL PAY** one hundred dollars ($100.00) dollars to the Clerk of Court.

**Date:** January 12, 2023      /s/ *Robert A. Molloy*
　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　**Chief Judge**