DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CESAR THOMAS-LEVERET, )<br>)<br>Defendant. )<br>) | Case No. 3:21-cr-0023 |

**ORDER**

**BEFORE THE COURT** is Defendant Cesar Thomas-Leveret's ("Thomas-Leveret") unopposed Motion to Continue Jury Selection and Trial, (ECF No. 238), currently scheduled for February 27, 2023. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including August 28, 2023.

This matter commenced on October 15, 2021, when the United States (the "Government") filed a criminal complaint against Thomas-Leveret, who made his initial appearance on even date. On November 12, 2021, the Government filed an information charging Thomas-Leveret with Conspiracy to Posses With intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A)(ii). (ECF No. 62.) Thomas-Leveret was arraigned on the charge on December 1, 2021. A grand jury indictment was filed on March 3, 2022, charging Thomas-Leveret with Conspiracy to Posses With intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A)(ii). (ECF No. 108.) Thomas-Leveret was arraigned on the charge on March 16, 2022.

On February 22, 2023, Thomas-Leveret filed an unopposed motion to continue the trial date previously scheduled for February 27, 2023, on the ground that his counsel has been unable to speak with Thomas-Leveret, who is detained at the Metropolitan Detention Center located in Guaynabo ("MDC Guaynabo"), Puerto Rico, despite diligent and repeated requests to do so. (ECF No. 238.) Thomas-Leveret's counsel contends that, as directed by

*United States v. Thomas-Leveret*
Case No. 3:21-cr-0023
Order
Page **2** of **4**

MDC Guaynabo policy and procedures, he requested repeatedly an appointment to schedule an unmonitored call with Thomas-Leveret with the Senior CLC Attorney by telephone and email, providing Thomas-Leveret's register number and the dates and times when counsel and counsel's interpreter would be available. Counsel was periodically advised that alternative dates and times should be provided for the legal assistant to forward the request to the Unit Team. On January 31, 2023, counsel wrote to the Senior CLC Attorney, notifying her of the need to arrange legal calls as soon as possible and that counsel was available at any time, including between February 3 and February 6, 2023, until 12 P.M., as well as that counsel would accommodate MDC's Unit Team schedule. On February 6, 2023, counsel received communication requesting two alternative dates and times, which counsel provided. Counsel spoke with a member of the Unit Team, and it was agreed that a call would occur on February 7, 2023, at 10:00 A.M., for which counsel engaged an interpreter. However, the call was not received from MDC Guaynabo. Counsel then arranged for a call to occur on February 14, 2023, at 10:00 A.M. and engaged an interpreter, but the call was not received from MDC Guaynabo. Counsel then requested an unmonitored call with Thomas-Leveret for February 23 or February 24, 2023, at 12:00 P.M., 1:00 P.M., or 2:00 P.M. Additionally, counsel forwarded to the Senior Attorney at MDC Guaynabo a copy of the proposed plea agreement and received a note that the legal department does not provide copies of plea agreements to inmates, which should be sent via regular mail. Counsel asserts that he has then sent a copy of the plea agreement to Thomas-Leveret via regular mail, despite his position that it is not an acceptable practice. However, counsel is not aware that Thomas-Leveret received the plea agreement mailed to him. Thomas-Leveret requests that the Court extend the period of time within which he may be tried in this matter so counsel can meet and discuss the implications of trial and the contents of the plea agreement proposed by the Government.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on

the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including to allow plea negotiations to be pursued. *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that Defendant has demonstrated good cause warranting a continuance in this case. The Court also finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow counsel to communicate with Thomas-Leveret, including to discuss the proposed plea agreement and the implications of trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 28, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Defendant Thomas-Leveret's unopposed Motion to Continue Jury Selection and Trial, ECF No. 238, is hereby **GRANTED**; it is further

**ORDERED** that, **no later than August 16, 2023,** the parties shall file a notice indicating their readiness to proceed to trial; it is further

*United States v. Thomas-Leveret*
Case No. 3:21-cr-0023
Order
Page **4** of **4**

   **ORDERED** that the parties **SHALL** file and serve a pre-trial brief **no later than August 23, 2023,** which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

   **ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits **no later than August 23, 2023;**[1] and it is further

   **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for February 27, 2023, are **RESCHEDULED** to commence promptly at **9:00 A.M. on August 28, 2023, in St. Thomas Courtroom 1.**

**Dated:** February 24, 2023        */s/ Robert A. Molloy*
                  **ROBERT A. MOLLOY**
                  **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.